UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Douglas Peter Benoit,                                      Case No. 12-48247
                                                                            Chapter 7
            Debtor.                                          Hon. Walter Shapero
_____/

**OPINION REOPENING CASE AND SETTING STATUS CONFERENCE INCIDENT TO DEBTOR'S MOTION FOR CONTEMPT, AND OTHER ASSOCIATED PROCEEDINGS**

On or about March 2, 2011, Chistine Bombard ("Bombard") lent $16,000 to Alternative Finance Solutions, LLC ("AFS"), the obligation to repay being embodied in a promissory note requiring its repayment plus interest to Bombard's trust in six months. Douglas Benoit ("Debtor") is alleged to have been the manager and/or a controlling member of AFS, and/or may also have been such of another LLC that was the, or a, member of AFS. AFS defaulted on the note and thereafter Debtor filed this Chapter 7 bankruptcy on March 30, 2012. Bombard was not listed or in any way referred to on Debtor's schedules. In Debtor's case, the claims deadline was January 2, 2013 and the objections to discharge deadline was July 16, 2012. Debtor received a discharge on August 15, 2012 and the case was closed on September 29, 2014. On or about December 11, 2015, Bombard and related entities or parties commenced an action in state court seeking monetary damages against Debtor and AFS, jointly and severally. The complaint contained five counts asserting (1) breach of contract on the part of AFS; (2) piercing of the corporate veil seeking to make Debtor personally liable; (3) fraudulent inducement on the part of Debtor; (4) innocent misrepresentation on the part of Debtor; and (5) a final count labelled "Concert of Action."

1

Although Debtor's bankruptcy case remains closed and he has not filed a motion to reopen it, Debtor filed the present Motion for Contempt against Bombard and the other related plaintiffs in the state court action, alleging the institution and maintenance of that action violated the discharge injunction, and seeking its dismissal, as well as unspecified attorney fees, costs, and punitive damages against those plaintiffs and their counsel pursuant to 11 U.S.C. § 524(a). Incident thereto, Debtor asserts in a supporting affidavit that while Bombard was not listed as a creditor, she was informed of the filing of Debtor's bankruptcy in a personal conversation with the Debtor on or about June 12, 2013. Bombard denied this in her own affidavit and asserts she first obtained knowledge of Debtor's bankruptcy on January 28, 2016, by way of a letter from Debtor's counsel. Bombard argues that the claims asserted in the state court action were not discharged by reason of § 523(a)(3)(B), which excepts from discharge a debt

> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> \*\*\*
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dis-chargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

It is to be noted that even if the fact was that Bombard was actually notified of Debtor's bankruptcy on the earlier June 12, 2013, that date was almost a year after the deadline of July 16, 2012 to file non-dischargeability actions. Therefore under the provisions of § 523 (a)(3)(B), debts of that kind are not discharged (provided of course that it is in fact determined that they are of the type specified in § 523 (a)(2), (4), and/or (6)). To those debts of that type, the state court action would thus not involve a violation of the discharge injunction because Bombard would be

pursuing a non-discharged (not originally listed) claim. Therefore, review of the indicated various counts is in order. Certain of the counts of the state court complaint appear to allege debts of a kind specified in 11 U.S.C. § 523 (a)(2), (4), and/or (6).

As to the breach of contract count (1) of the state court action (asserted against AFS only) AFS was the sole obligor under the note and Debtor had no legal obligation thereunder arising merely from the fact he signed the note as managing member and on behalf of that entity. Thus, such count does not involve a violation of the bankruptcy discharge injunction because Bombard did not pursue Debtor personally.

As to the piercing the corporate veil count (2), there are a number of problems. One is whether or not such was a prepetition debt. If it was a postpetition debt, it was not discharged. Piercing the corporate veil involves a totality of circumstances inquiry involving numerous factors, one of which is fraud in the normal sense as such, but others of which likely do not, i.e. accuracy of records, observance of corporate formalities, comingling of assets and/or liabilities, non-functioning of officers, managers, or members, undercapitalization, or siphoning off funds or assets. The very nature of the piercing issue requires an extended inquiry into the existence and operations of the individual and the entity involved occurring over likely extended periods of time, and both before and after the bankruptcy case filing date. Under such circumstances (and if the corporate veil is to be pierced), for purposes of identifying when exactly that cause of action arose, that is a fact-intensive question not determinable now or on this limited record, and maybe not until it is concluded the veil should, in fact and in law, be pierced.

As to the fraudulent inducement count (3) and innocent misrepresentation count (4) of the state court complaint, such are clearly of the § 523 (a)(2) and possibly (a)(6) type. As such they

3

were not discharged because, as indicated, Bombard's earliest claimed knowledge of Debtor's bankruptcy case occurred subsequent to the last date for such actions to have been filed.

As to the concert of action count (5), it is vague (and the excerpt of the state court complaint contained in the record apparently omits portions of that count) but appears to essentially be based on the facts underlying the other four counts, and in essence specifically says so.

Bearing on the result here is the indication at the hearing that Bombard (a) wishes to dismiss or amend her complaint in the state court action, possibly adding defendants and/or additional or different claims; and (b) is willing to now file a non-dischargeability action in the Bankruptcy Court on the § 523 (a)(2), (4) and/or (6) type claims, presumably in lieu of continuing to pursue such the state court action, and, it appears that Debtor may not be opposed to Bombard doing so. Whether or not such would also involve dismissal of the state court action as to all or some of the counts, at least as to Debtor, is not clear. Also, incident to that happening or a determination of such, it is not clear what would or should happen with regard to the violation of the discharge injunction motion presently before the Court.

Accordingly, the Court will contemporaneously enter an order reopening the case and setting a status conference to discuss further proceedings in light of the foregoing.

**Signed on April 01, 2016**

                                         **/s/ Walter Shapero**
                               **Walter Shapero**
                               **United States Bankruptcy Judge**